OPINION
{¶ 1} Clara D. Taylor, plaintiff-appellant ("appellant'), and as Administratrix of the estate of Ronald L. Taylor ("Taylor"), deceased, appeals a July 19, 2001 judgment of the Franklin County Court of Common Pleas granting in part and denying in part the motion for summary judgment filed by Universal Underwriters Insurance Company ("Universal"), defendant-appellee, and granting in part and denying in part appellant's motion for summary judgment. Appellant has also filed a motion to strike portions of Universal's brief.
 {¶ 2} On May 27, 1999, at approximately 6:35 p.m., Taylor was killed when the motorcycle he was operating was struck by an automobile being operated by Jelenann Salyers, who failed to yield the right-of-way to Taylor. At the time of the accident, Taylor was employed by Columbus Motor Car Company, Inc., d/b/a Columbus Cadillac Company ("Columbus Cadillac"). The accident, however, occurred after working hours and outside the scope of Taylor's employment. Columbus Cadillac had insurance under a Unicover Policy ("policy") issued by Universal, effective June 1, 1998 to June 1, 1999. The policy included Uninsured Motorists Unicover Coverage Part 530, a general automotive liability policy that included uninsured motorists ("UM") coverage and underinsured motorist ("UIM") coverage; Umbrella Unicover Coverage Part 980, an umbrella liability policy; and two Elective Options Forms sign by Charles Meyers on behalf of Columbus Cadillac, which purportedly rejected UIM coverage under the umbrella policy.
 {¶ 3} After an action was filed on behalf of Taylor against Salyers, Saylers's insurance policy paid $100,000 to Taylor's estate in settlement of the action. On July 20, 2000, appellant filed an action against Universal seeking a declaration that Taylor's estate was entitled to UIM coverage under Universal's policy. Taylor's estate claimed that Taylor qualified as an insured under Universal's Part 530 general automotive liability and Part 980 umbrella liability policy contracts, pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660. Universal filed a motion for summary judgment on May 8, 2001, asserting that Taylor was not an insured under the policies and that even if he were, there was a proper offer and rejection of UIM coverage under the umbrella policy. Appellant submitted a motion for summary judgment on May 10, 2001, arguing that Taylor qualified as an insured and that UIM coverage arose by operation of law under the umbrella policy because there was not a proper offer and rejection that complied with the requirements enunciated in Linko v. Indemn. Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445.
 {¶ 4} On July 10, 2001, the trial court issued a decision granting in part and denying in part Universal's motion for summary judgment and granting in part and denying in part appellant's motion for summary judgment. On July 19, 2001, the trial court issued a judgment, in which the court found: (1) Taylor was an insured under the Part 530 general automotive liability policy; (2) the Part 530 general automobile liability policy included UIM coverage of $100,000; (3) after setting off the $100,000 settlement received by appellant, which was the full policy limits available to Salyers, appellant was not entitled to recover any amount under Part 530; and (4) there was no UIM coverage available under the Part 980 umbrella policy because there was a proper offer and rejection of UIM coverage contained in the Elective Options Forms. Appellant appeals this judgment and has also filed a motion to strike portions of Universal's brief. Appellant asserts the following assignment of error:
 {¶ 5} "The trial court erred in partially granting and denying both Appellant's and Appellee's Civ.R. 56 motions for summary judgment, because the trial court failed to determine:
 {¶ 6} "(A) whether Appellee's offer of underinsured motorist coverage was valid;
 {¶ 7} "(B) whether Appellant's rejection of underinsured motorist coverage was valid;
 {¶ 8} "(C) whether the Policy at issue in this case limited underinsured motorist coverage to less that [sic] $11 million."
 {¶ 9} Appellant argues in her assignment of error the trial court erred in partially granting and denying both appellant's and Universal's motions for summary judgment. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103.
 {¶ 10} The trial court determined that Taylor was an insured and that the Part 530 general liability policy included UIM coverage of $100,000. Appellant's sole argument is that there was not a valid offer of UIM coverage under the Part 980 umbrella policy, and because there was no valid offer, the rejection of UIM coverage signed by Columbus Cadillac was invalid. Thus, appellant asserts, UIM coverage arose by operation of law in the Part 980 umbrella policy. Universal responds that under the version of R.C. 3937.18 in effect for the relevant policy period, the written rejection of UIM coverage by Columbus Cadillac established a presumption that a valid offer of UIM coverage was made, and, therefore, the rejection of UIM coverage under Part 980 was valid.
 {¶ 11} R.C. 3937.18 was amended by H.B. No. 261, effective September 3, 1997. Because the policy at issue in the present case was effective June 1, 1998 to June 1, 1999, this amended version of R.C.3937.18 is applicable. See Wolfe v. Wolfe (2000), 88 Ohio St.3d 246. R.C. 3937.18(C), as amended by H.B. No. 261, provided that a written rejection is binding and effective when executed and establishes a presumption that an offer of UIM coverage was made. The pre-H.B. No. 261 version of R.C. 3937.18 did not raise the presumption of an offer. We also note that R.C. 3937.18 was further amended on October 31, 2001 by S.B. No. 97 to eliminate any requirement regarding the mandatory offer of uninsured and underinsured motorist coverage, although this amendment is not pertinent to the instant case.
 {¶ 12} Appellant contends that the H.B. No. 261 amendment to the statute did not eliminate the need to conform to the offer requirements enunciated in Linko, supra. In Linko, the Ohio Supreme Court analyzed the pre-H.B. No. 261 version of R.C. 3937.18 and held that, in order for a rejection of UIM coverage to be valid, the insurer's offer must inform the insured of the availability of UIM coverage, include a brief description of the coverage, set forth the premium for that coverage, and expressly state the UIM coverage limits. Universal's contention is that the offer requirements in Linko are no longer applicable because Linko addressed the pre-H.B. No. 261 version of R.C. 3937.18, and H.B. No. 261 superceded the Linko requirements by presuming a valid offer when there is a written rejection.
 {¶ 13} The Ohio Supreme Court has recently addressed this issue. In Kemper v. Michigan Millers Mut. Ins. Co., 98 Ohio St.3d 162,2002-Ohio-7101, the Ohio Supreme Court held that: (1) the requirements of Linko, relative to an offer of UM/UIM coverage, are applicable to a policy of insurance written after enactment of H.B. No. 261 and before S.B. No. 97; and (2) under H.B. No. 261, a signed rejection does not act as an effective declination of UM/UIM coverage where there is no other evidence, oral or documentary, of an offer of coverage.
 {¶ 14} In the present case, no documents fulfill the offer requirements set forth in Linko. As indicated above, Columbus Cadillac signed two Elective Options Forms allegedly rejecting UIM coverage. However, the Elective Options Forms did not set forth the premium for UIM coverage or a description of the coverage. Because the forms did not contain the premium for UIM coverage and did not describe the UIM coverage, the offer of UIM coverage to Columbus Cadillac was invalid, and, consequently, its purported rejection of UIM coverage was also invalid. Further, the signed forms, in and of themselves, could not act as effective declinations of UIM coverage. Therefore, because there has been no valid offer and rejection of UIM coverage in this case, pursuant to Kemper, UIM coverage arises by operation of law. The trial court erred in finding otherwise. Appellant's first assignment of error is sustained.
 {¶ 15} Universal has raised in its appellate brief what it claims is a cross-assignment of error. Universal argues that regardless of whether the offer and rejection were valid, appellant may not recover because Taylor was not insured under the policies. Appellant has filed a motion to strike, requesting that we strike all portions of Universal's brief seeking to reverse that portion of the trial court's decision holding that Taylor was an insured because that issue was not raised by appellant in her brief, and Universal failed to initiate an appeal or cross-appeal to contest this finding by the trial court.
 {¶ 16} App.R. 3 requires, in pertinent part:
 {¶ 17} "(C) Cross appeal
 {¶ 18} "(1) Cross appeal required. A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4.
 {¶ 19} "(2) Cross appeal not required. A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross appeal."
 {¶ 20} R.C. 2505.22 provides, in part: "[A]ssignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part." In Parton v. Weilnau (1959),169 Ohio St. 145, the Ohio Supreme Court construed that provision and held in paragraph seven of the syllabus: "Assignments of error of an appellee who has not appealed from a judgment may be considered by a reviewing court only when necessary to prevent a reversal of the judgment under review. (Section 2505.22, Revised Code, construed and applied.)"
 {¶ 21} In its brief Universal argues that we should still affirm the trial court's decision because Taylor was not an insured under any portion of the insurance contract, particularly Part 530 and Part 980. However, we find Universal's cross-assignment of error is being raised only to prevent reversal of the judgment, which is permissible under App.R. 3 and R.C. 2505.22. Therefore, we will address Universal's arguments, and appellant's motion to strike must be denied.
 {¶ 22} Because the court's holding in Scott-Pontzer is relevant to our analysis of whether Taylor was an insured under both Part 530 and Part 980, we will first briefly review Scott-Pontzer. As in the instant case, Scott-Pontzer involved a commercial automobile insurance policy and an umbrella insurance policy issued to a corporation. In Scott-Pontzer, the decedent, Christopher Pontzer, was an employee of Superior Dairy. Pontzer was killed in an automobile collision that was the result of the negligence of an underinsured motorist. At the time of the collision, Pontzer was driving his wife's automobile and was not acting within the scope of his employment with Superior Dairy. Superior Dairy was the named insured under a policy of commercial automobile liability insurance, which included UIM coverage, and was the named insured under an insurance policy of umbrella/excess coverage, which did not include UIM coverage. The UM/UIM endorsement in the commercial automobile liability policy defined the insured as "you," and "if you are an individual, any family member." Pontzer's wife, as surviving spouse and executor of her husband's estate, brought an action against the insurers seeking coverage under both policies.
 {¶ 23} On appeal to the Ohio Supreme Court, the court found Pontzer was considered an insured under the commercial automobile liability policy because the "you" defining an insured in the Ohio uninsured motorist coverage form was ambiguous and could include employees of the insured company. The court then found Pontzer's wife was also an insured as Pontzer's family member. With regard to the umbrella policy, the Scott-Pontzer court determined that because the umbrella policy contained an element of automobile liability coverage but no UM/UIM coverage was offered under the policy, such coverage was part of the umbrella policy by operation of law pursuant to R.C. 3937.18. Although the umbrella policy did not contain a definition of "insured" for the purposes of UIM coverage because UIM coverage was implied by law, the Ohio Supreme Court found that Pontzer was also an insured under the umbrella policy. The portion of the Scott-Pontzer decision discussing whether Pontzer qualified as an insured states:
 {¶ 24} "We also conclude that Pontzer was an insured under the umbrella/excess policy issued to Superior Dairy through Liberty Mutual. Liberty Mutual failed to offer uninsured/underinsured motorist coverage under Superior Dairy's umbrella/excess insurance policy. Thus, unlike the Liberty Fire policy, the Liberty Mutual umbrella policy did not contain an uninsured motorist coverage form that defined insureds for purposes of underinsured motorist coverage.
 {¶ 25} "In Duriak v. Globe Am. Cas. Co. (1986), 28 Ohio St.3d 70,72, 28 OBR 168, 170, 502 N.E.2d 620, 622-623, we held that excess liability insurance must comport with R.C. 3937.18 and thus uninsured (and underinsured) motorist coverage must be tendered. Further, in Gyori v. Johnston Coca-Cola Bottling Group (1996), 76 Ohio St.3d 565, 568,669 N.E.2d 824, 827, we stated that failure by the insurer to offer such coverage results in the provision of such coverage by operation of law. Absent any showing that underinsured coverage was offered and rejected, such coverage is included in the policy. Therefore, we conclude that Pontzer, as an employee of Superior Dairy, was also an insured under Superior Dairy's umbrella/excess insurance policy and that said policy includes underinsured motorist coverage, as such coverage is mandated by operation of law." Id. at 665.
 {¶ 26} We will address the definitions of "who is an insured" under Part 530 and Part 980 together. With regard to Part 980, appellant and Universal both present arguments in their brief that in order to define an insured under the umbrella policy for purposes of UIM coverage, we must look at the definition of "who is an insured" under the liability portion of the umbrella policy itself. However, Universal quotes the "who is an insured" condition contained in the general provisions of the Part 980 umbrella policy, while appellant quotes the "who is an insured" condition found in the endorsements attached to the umbrella policy. The Endorsements Applicable Unicover attachment indicates that the endorsements apply when the number of the endorsement is shown on the declarations page under the specific Coverage Part. The declarations page of the policy indicates that Endorsement No. 066 is applicable to Coverage Part 980. Endorsement No. 066 provides that the "who is an insured" condition in the umbrella policy is replaced by the definition in Endorsement No. 066, which provides:
 {¶ 27} "The WHO IS AN INSURED Condition is changed to read:
 {¶ 28} "WHO IS AN INSURED — With respect to insurance afforded by this endorsement:
 {¶ 29} "(a) YOU;
 {¶ 30} "(b) if YOU are a partnership or joint venture, any partner or member thereof, but only with respect to their liability as such."
 {¶ 31} With regard to Part 530, the language in the uninsured motorists coverage in that policy defines an insured as:
 {¶ 32} "WHO IS AN INSURED — With respect to this Coverage Part:
 {¶ 33} "(1) YOU;
 {¶ 34} "(2) any of YOUR partners, paid employees, directors, stockholders, executive officers, or any FAMILY MEMBER while OCCUPYING a COVERED AUTO;
 {¶ 35} "(3) any other person while OCCUPYING a COVERED AUTO;
 {¶ 36} "(4) anyone for DAMAGES they are entitled to recover because of BODILY INJURY sustained by another INSURED."
 {¶ 37} In determining whether Taylor would qualify as an insured under the "you" in these provisions, we conduct a classic Scott-Pontzer "you" analysis. Appellant argues that the word "you" is ambiguous, and, thus, should be construed to include Taylor under Scott-Pontzer. We first note that it is well-established that in order to determine whether the terms in a contract are ambiguous, a court must generally give words and phrases their plain, ordinary, or common meaning. Gomolka v. State Auto. Mutl. Ins. Co. (1982), 70 Ohio St.2d 166, 167-168. If a contract is clear and unambiguous, its interpretation is a matter of law and there is no issue of fact. Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, syllabus.
 {¶ 38} In Scott-Pontzer, the Ohio Supreme Court held that the identity of the "insureds" was ambiguous because the term "you" referred solely to Superior Dairy. Because a corporation cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle, the court reasoned that it would be "nonsensical" to limit coverage to the corporate entity, and, thus, coverage extended to Pontzer, as an employee of Superior Dairy, under the commercial automobile liability policy. Id. at 664.
 {¶ 39} In the current case, based on the Ohio Supreme Court's analysis in Scott-Pontzer, and the similarity between the language in the policies therein and the language in Part 530 and Part 980 in this case, we find that Taylor would qualify as an insured under the UIM coverage included in Part 530 and the UIM coverage afforded by operation of law in Part 980. As in Scott-Pontzer, "you," is ambiguous in both definitions. Because the provisions are ambiguous, they will be construed strictly against the insurer and liberally in favor of the insured. Therefore, "you" would include employees of Columbus Cadillac, and Taylor would qualify as an insured under the definitions of "who is an insured" in Part 530 and Part 980.
 {¶ 40} Universal raises an additional argument with regard to Part 530 that Taylor would not be entitled to coverage under that policy because the motorcycle he was operating was not a "covered auto." However, we agree with the trial court that whether Taylor was operating a "covered auto" is irrelevant. We have already found that Taylor qualified as an insured under "YOU" in paragraph (1) of "WHO IS AN INSURED." Although paragraphs (2) and (3) in that section additionally require the insured to be occupying a "covered auto," paragraph (1) does not contain this further limitation. Thus, Taylor was not required to be occupying a "covered auto" for coverage under these circumstances. Universal's argument is rejected in this respect. For the foregoing reasons, we find Taylor qualifies as an insured under the Part 530 general automotive liability policy and the Part 980 umbrella policy, and overrule Universal's cross-assignment of error.
 {¶ 41} Accordingly, appellant's assignment of error is sustained, appellant's motion to strike is denied, and Universal's cross-assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BRYANT and BOWMAN, JJ., concur.